**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     *Plaintiff,*

v.                                      1:25-CR-03104-MLG

NAN ZHANG and
SANJAY KHURANA,

*Defendants.*

### DEFENDANTS' JOINT MOTION FOR DISCLOSURE OF GRAND JURY AND PETIT JURY DATA

Defendant Nan Zhang, through her attorneys of record at Rothstein Donatelli LLP, and Defendant Sanjay Khurana, through his attorneys of record at Harrison & Hart, LLC, jointly move the Court—pursuant to 28 U.S.C. §§ 1867(f) & 1868, the Fifth & Sixth Amendments to the United States Constitution, and the doctrine announced in *Duren v. Missouri*, 439 U.S. 357 (1979)—to order the District Court Clerk for the United States District Court for the District of New Mexico to make available to the defense all relevant data and procedures used in the selection of grand and petit jurors in the Northern and Southern Divisions of the United States District Court for the District of New Mexico.

### ARGUMENT

Under standards established by the Sixth Amendment of the federal constitution and the Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861–1878, grand juries that determine whether to charge an individual and petit juries that decide the guilt or innocence of that person must be selected "at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861; *see also Smith v. State of Texas*, 311 U.S. 128,

130 (1940) ("It is part of the established tradition in the use of juries as instruments of public justice that the jury be a body truly representative of the community."); *United States v. Shinault*, 147 F.3d 1266, 1270 (10th Cir. 1998) ("A jury selection system violates [the Sixth Amendment] right if the system does not draw its jury members from a fair cross section of the community."). To ensure that these statutory and constitutional requirements are met, federal law allows defendants to challenge whether the relevant demographics of persons selected for jury service in a given judicial district are representative of a "fair cross section of the community." *See* 28 U.S.C. § 1867(a). A defendant makes a prima facie case of a fair cross section violation when he or she is able to demonstrate: "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." *Duren*, 439 U.S.at 364. Standing to make such challenges is not limited to members of the underrepresented or excluded classes. *See Shinault*, 147 F.3d at 1271 ("The defendant need not belong to any of these groups in order to have standing to object to their exclusion from jury service.").

In any case, to adequately mount such a challenge—and to determine whether such a challenge is merited—a defendant must have access to information on district-specific juror demographics and qualification. Such information is critical to assessing the applied validity of a district's "written plan" on the jury selection process (sometimes called a "jury plan"). 28 U.S.C. § 1863; *see also* Jury Selection Plan, No. 15-mc-00004 (Doc. 42-1) (D.N.M. Oct. 27, 2015) ("Jury Selection Plan"). In essence, Ms. Zhang and Mr. Khurana are currently unable to make their required showing under the law without access to information in the possession of the District

2

Court Clerk concerning the individuals who qualified for jury service, including information addressing how these individuals were selected and qualified.

The impetus for this data request—and a potential future motion challenging the validity of the jury selection practices relevant to this case—is not wholly speculative.  It is no secret that the use of voter registration rolls as the sole source of data for the selection of jurors, as the District of New Mexico does, results in fewer minorities participating as jurors.  *See United States v. Gault*, 973 F. Supp 1309, 1314 (D.N.M. 1997) (documenting the disparity between Hispanics and Native Americans in the population at large and Hispanics and Native Americans in Qualified Jury Wheels).  Undersigned believes that this underrepresentation of Native Americans and Hispanics may have unfairly and unlawfully influenced the selection of Ms. Zhang and Mr. Khurana's grand jury, and—if allowed to continue—may also adversely influence selection of their petit jury.

"Under 28 U.S.C. § 1867(f), parties 'shall be allowed to inspect' records of the jury selection process in order to prepare motions challenging jury selection.  The right to inspect jury lists is essentially unqualified." *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986) (citing *Test v. United States*, 420 U.S. 28, 30 (1975) (per curiam)); *United States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980).  *Armstrong* acknowledges that the "right to inspect, produce, and copy such records or papers at all reasonable times" when preparing for jury challenge extends not only to qualified jurors, "but also to the master wheel." *Id.*  In addition, § 1868 states that after a given master jury wheel is emptied, "all records and papers compiled and maintained by the . . . clerk before the master wheel was emptied . . . shall be available for public inspection for the purpose of determining the validity of the selection of any jury." *Id.*  The current Motion is evidence of Ms. Zhang and Mr. Khurana's due diligence in attempting to determine whether the jury selection process in New Mexico is fair and lawful.  To perform this due diligence, Ms. Zhang

and Mr. Khurana respectfully request the Court to order the Clerk of Court to disclose all Master

Jury Wheel and Qualified Jury List information for the Master Jury Wheels filled in March of

2019, 2019, 2021, 2023, and 2025.[1]  The information requested includes, but is not necessarily

limited to, the following:

- Any Divisional or District AO-12 of JS-12 forms created in relation to the Master Jury Wheel and the Qualified Jury List that were used to summon jurors during the requested time frames;

- Any other statistical or demographic analyses produced to ensure the quality of the Master Jury Wheel and the Qualified Jury List that were used to summon jurors during the requested time frames;

- The calculations of proportionality used as described in the Jury Selection Plan at 2;

- The 2019, 2019, 2021, 2023, and 2025 Master Jury Wheels from both the Northern and Southern Divisions,[2] in electronic and accessible form;

- The 2019, 2019, 2021, 2023, and 2025 Qualified Jury Lists from both the Northern and Southern Divisions, in electronic and accessible form;

- Status Codes for potential jurors who were selected from the Master Jury Wheel for qualification but either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted from jury service during the 2019, 2019, 2021, 2023, and 2025 Master Jury Wheel sets, in electronic and accessible form;

- All persons and the juror status for persons whose juror summons and qualification form were not returned or returned as undeliverable during the requested time frames; and

- Any other information related to the identity and background of individuals selected for the relevant jury wheels and juror panels comprising grand and petit juries in the Northern and Southern Divisions, including information addressing the manner in which those individuals are selected for jury service.

---

[1] Ms. Zhang and Mr. Khurana contend that a larger sample size comprised of several past Master Jury Wheels is necessary to adequately analyze trends related to systematic exclusions.

[2] New Mexico's jury plan provides that a "Special Qualified Jury List may be created at the direction of the Court, for any division, portion of a division, or a combination of the divisions for the purposes of jury selection in a specific case or cases." Jury Selection Plan at 3.  As such, Ms. Zhang and Mr. Khurana seek data on all possible Master Jury Wheels and Qualified Jury Lists. Moreover, statewide jury data is more easily compared with census data to assess fair cross sections.

**CONCLUSION**

For the reasons provided in this Motion, Ms. Zhang and Mr. Khurana respectfully request the Court grant the Motion, and also request that a hearing be held—with the appropriate personnel from the District Court Clerk's Office in attendance—so that a workable and precise plan for disclosure can be mutually agreed upon by all concerned.  The United States of America, through Assistant United States Attorneys Timothy Trembley and Patrick Cordova, takes no position on the relief requested in this Motion.

Respectfully submitted,

**ROTHSTEIN DONATELLI LLP**

*/s/ Clay L. Wilwol*
MARC M. LOWRY
CAREY C. BHALLA
CLAY L. WILWOL
500 4th Street NW, Suite 400
Albuquerque, NM 87102
505-243-1443 – office
505-242-7845 - fax
mlowry@rothsteinlaw.com
cbhalla@rothsteinlaw.com
cwilwol@rothsteinlaw.com

*Attorneys for Defendant Nan Zhang*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 22nd day of September, 2025, I filed the foregoing pleading electronically with CM/ECF which caused all counsel of record to be served as reflected on the notice of service.

/s/ Clay L. Wilwol
**ROTHSTEIN DONATELLI LLP**